**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

CYRENA CHANG PAULIN        )
                                        )
                                        )
        Plaintiff,               )
                                          )
        v.                     )        Case Number: 12cv086 (GK)
                                          )
THE GEORGE WASHINGTON      )        Next Event: Pre-trial Conference
UNIVERSITY SCHOOL OF MEDIICINE )        August 26, 2013 at 4:00 p.m.
AND HEALTH SCIENCES         )
                                          )
        Defendant.            )
_____ )

**REPLY TO OPPOSITION TO MOTION *IN LIMINE* TO
PRECLUDE DEFENDANT FROM INTRODUCING  EVIDENCE
REGARDING CERTAIN POST-TERMINATION EVENTS**

COME NOW, Cyrena Chang Paulin ("Plaintiff"), by and through her undersigned counsel, and respectfully replies to the above-referenced Defendant's Memorandum:

**ARGUMENT.**

**I.    THE EVIDENCE REGARDING THE POST-TERMINATION EVENTS ARE NOT RELEVANT.**

Defendant argues that the post-termination events are relevant because they purport to demonstrate a certain character trait -- Defendant now claims that her dismissal was a result of comportment issues.  Up to this point, Defendant has maintained Ms. Paulin was dismissed for academic reasons (Defendant used the academic dismissal procedure).  Defendant did not use the procedure applicable to dismissal for comportment issues.  Under George Washington

University School of Medicine and Health Sciences Bulletin, attached as **Exhibit 1**, a graduate student can be dismissed in (3) ways:

(1) a student may be dismissed for failing to adhere to the professional comportment standards. *Id.* at 64-66;

(2) a student whose cumulative GPA falls below 3.0 is placed on academic probation. If such student's GPA remains below 3.0 after the period of probation, such student may be suspended from the program and may reapply for admission. A student that has been suspended twice will not be readmitted. *Id.* at 59-60;

(3) a student may be recommended for dismissal by Program Director to the appropriate dean for failing a class. *Id.* at 59-60.

A dismissal for the comportment issues involves an intricate procedure which was not followed here.[1] Instead, Defendant used the procedure reserved for academic dismissals for failing a class,

---

[1]      Under this procedures:
(1) The Program Director cannot recommend a dismissal - she can only refer the matter to the appropriate dean;
(2) if the appropriate dean, after the meeting with the student, believes that further actions are required, she must refer the matter to Ad Hoc Subcommittee on Professional Comportment;
(3) during the Ad Hoc Subcommittee investigation,  the student has certain rights, including
-right to object to appointment of the member of the Subcommittee
-right to have an attorney present during the information gather sessions
-right to submit (or have attorney submit) questions to the Subcommittee to be answered by the persons interviewed by the subcommittee
(4) the Subcommittee then makes a recommendation to the dean;
(5) if the recommendation is suspension or dismissal, the matter is referred to the Health Sciences Evaluation Committee for further review;
(6) the Committee then makes a recommendation to the appropriate dean who in turn makes recommendation to the dean of the School of Medicine and Health Sciences, who makes the ultimate decision;

under which Program Director (i.e. Dr. Orcutt at the time) could recommend a student for dismissal for failing a class.[2]  Indeed, most of the contemporaneous documents justify dismissal based on the academic criteria -- specifically, Ms. Paulin's level of academic knowledge.

If Ms. Paulin was dismissed for comportment issues, Defendant should have followed the appropriate procedure.   In fact, if Ms. Paulin was terminated for comportment issues, Defendant has breached the contract with Ms. Paulin by failing to comply with the appropriate termination procedures.

Thus,  the character trait which Defendant purportedly intends to prove with the evidence of the post-termination events is not relevant.   Defendant seeks to demonstrate that Plaintiff failed academically -- i.e. lacked appropriate medical knowledge -- and not that she had a propensity for allegedly inappropriate behavior.    Accordingly, Defendant's claim that the evidence of certain post-termination behavior is relevant to show that termination was justified is improper evidence because it is irrelevant to the central issue in this case and will unduly prejudice Ms. Paulin and confuse the jury.

## II.    THESE EVENTS ARE NOT RELEVANT TO THE ISSUE OF DAMAGES.

Defendant claims that the existence of Civil Protection Order is relevant to Ms. Paulin's ability to generate income and are relevant to a defense of the duty to mitigate damages.  This is incorrect.  It is indeed likely that the existence of the Civil Protection Order would decrease her ability to obtain employment and decrease her future income.  However, Mr. Bird, Plaintiff's

---

(7) the student can then appeal the decision to the vice-president of academic affairs.
*Id.* at 64-67.

[2]    If the dismissal was for comportment reasons, Dr. Orcutt could not have recommended the dismissal like she did here -- she could have only referred the matter to an appropriate Dean.

vocational expert, calculated Plaintiff's future income without decreasing it for the effect of the Civil Protection Order, based on the data for jobs for which she is qualified.  Thus, if anything, he overstated Plaintiff's future income and, by implication, understated her damages.

The civil protection order contains no findings of fact.  In fact, Ms. Paulin agreed to the order under the rules of the D.C. Superior Court Family Division that allow a respondent to agree to the order without any findings of fact.  The threshold for this type of order is far lower than the "preponderance of evidence" threshold in a civil case.  Thus, the evidence of the protective order being presented to the jury would be highly prejudicial and likely to confuse and mislead the jury.   The events at issue in the protective order occurred long after Ms. Paulin's dismissal from GWU.  Accordingly, the evidence of the existence of the Civil Protection Order is not pertinent to the defense of the duty to mitigate damages.

## III.   EQUITABLE RELIEF.

Plaintiff's requested for equitable relief will be decided by the Court, not the jury. Plaintiff's motion is to preclude the evidence from being presented to the jury because it is irrelevant to the issue in this case (whether Ms. Paulin's grade of "F" in her final rotation was motivation by ill-will,  ill will bias or reasons not related to academic performance) and would unduly prejudice Ms. Paulin.  Further, the evidence has no

## CONCLUSION.

Ultimately, this case is about the events that took place during Ms. Paulin's final rotation. Defendant will be able to present evidence regarding what happened during this rotation and call witnesses that were present during the relevant events.   The post-termination events are

irrelevant to the issue of Ms. Paulin's grade of "F" and subsequent termination.   The civil protection order obtained by GWU occurred during the litigation.   This evident is highly prejudicial with no probative value as to the issues in this case.   It will likely lead to prolonging the trial and confusing the jury.   Thus, Plaintiff's Motion should be granted.

Respectfully submitted,

MALLOY LAW OFFICES, LLC.

By: /s/ Seann P. Malloy
       Seann P. Malloy, Esquire
       Fed. Bar No. 28132
       Malloy Law Offices, LLC
       7910 Woodmont Avenue
       Suite 1440
       Bethesda, Maryland 20814
       Telephone: 888-607-8690
       Facsimile: 888-607-8691
       Email: Seann@Malloy-Law.com

       Attorney for Plaintiff

## <u>CERTIFICATE OF SERVICE</u>

I Hereby Certify that on this 3rd day of September 2013, a copy of the foregoing

document was served through CM/ECF on the following:

Nicholas S. McConnell, Esq.
Allyson Kitchel, Esq.
Jackson & Campbell
1120 20th Street, NW
South Tower, Suite 300
Washington, DC 20036

By /s/ Seann P. Malloy
  Seann P. Malloy, Esq.