UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CYRENA CHANG PAULIN, : | |
| Plaintiff, : | |
| v. : | Civil Action No. 12-86 (GK) |
| THE GEORGE WASHINGTON : UNIVERSITY SCHOOL OF MEDICINE : AND HEALTH SCIENCES : | |
| Defendant. : | |

## MEMORANDUM OPINION

Cyrena Chang Paulin ("Paulin" or "Plaintiff") filed this action against The George Washington University School of Medicine and Health Sciences ("the University" or "Defendant") for breach of contract and breach of the implied covenant of good faith and fair dealing. On September 26, 2013, after an eight-day trial, a seven-member jury returned a verdict in favor of Defendant on both counts.

On October 23, 2013, Plaintiff filed a Motion for New Trial [Dkt. No. 97]. Upon consideration of the Motion, Opposition [Dkt. No. 98], Reply [Dkt. No. 99], and the entire record herein, and for the reasons stated below, Plaintiff's Motion for New Trial shall be **denied**.

## I. BACKGROUND[1]

Paulin enrolled in the Physician Assistant degree program ("PA program") at the University in August 2007. The relationship between Paulin and the University was governed by the School of Medicine and Health Sciences Bulletin ("Bulletin"). Jt. Ex. 1. The parties agree that a valid contractual relationship existed between them and was governed by the contents of the Bulletin.

Paulin's course of study included Evidence Based Medicine ("EBM") I, a course designed to teach students how to access and analyze current medical research and literature in order to stay up to date with developing treatments. Paulin also received credit for EBM II and III, which were one-credit courses designed to be taken online during the students' clinical year. However, EBM II and III were never actually taught, although all the students, including Paulin, were given "A"s on their transcripts for those two courses.

By August of 2010, Paulin had completed every requirement for graduation from the PA program except the final clinical rotation and the program's final cumulative exam. She was removed from her final clinical rotation because of insufficient

---

[1] Unless otherwise noted, the facts set forth herein are drawn from the evidence presented by the parties at trial.

medical knowledge and interpersonal problems with her supervisors. Paulin received a failing grade in that course and was subsequently dismissed from the PA program.

On January 19, 2012, Paulin filed a Complaint against the University. In Count One, she claimed that the University had breached its contract with her in five different ways. Compl. ¶ 85 [Dkt. No. 1]. Plaintiff did not, however, allege that the failure to teach EBM II and III was itself a breach of contract.

In Count Two, Paulin alleged that the University breached the implied covenant of good faith and fair dealing inherent in all contracts in the District of Columbia by "making it impossible for the Plaintiff to realize the benefit of her contract and by permitting its agents to act in bad faith and in a manner which interfered with the Plaintiff's contractual expectations." Id. ¶ 92. She did not seek a return of her tuition, but instead sought reinstatement in the program and damages for lost earning capacity. Id.

On September 16, 2013, the case went to trial. The Court bifurcated the trial into a liability phase and a damages phase. Minute Order of Sept. 16, 2013. Plaintiff called only four witnesses in her case-in-chief: Paulin, Dr. Jacqueline Barnett, Dr. Venetia Orcutt (whose de bene esse deposition testimony was

played for the jury), and Dr. Elizabeth Blomenberg (same).[2] On September 26, 2013, after completion of the eight-day trial on the issue of liability, the jury returned a verdict for Defendant on both Counts [Dkt. No. 90].

On October 23, 2013, Plaintiff filed a Motion for New Trial [Dkt. No. 97]. On November 6, 2013, Defendant filed an Opposition [Dkt. No. 98], and on November 15, 2013, Plaintiff filed a Reply [Dkt. No. 99]. The matter is now ripe for review.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 59 permits a court to "grant a new trial on all or some of the issues . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). Such reason exists where "substantial errors occurred in . . . the giving or refusal of instructions . . . ." Nyman v. F.D.I.C., 967 F. Supp. 1562, 1569 (D.D.C. 1997).

The decision to grant or deny a motion for new trial "lies within the sound discretion of the court." Armenian Assembly of Am., Inc. v. Cafesjian, 783 F. Supp. 2d 78, 85 (D.D.C. 2011) (quotation omitted). "Generally, a new trial may only be granted when a manifest error of law or fact is presented." In re

---

[2] For scheduling reasons, the parties consented to present several of Defendant's witnesses before the close of Plaintiff's case in chief.

-4-

Lorazepam & Clorazepate Antitrust Litig., 467 F. Supp. 2d 74, 87 (D.D.C. 2006).

Moreover, "[i]t is well established that challenges to jury instructions are subject to the harmless error rule." Joy v. Bell Helicopter Textron, Inc., 999 F.2d 549, 559 (D.C. Cir. 1993). This means that "to warrant reversal, the error must have been prejudicial: It must have affected the outcome of the district court proceedings." Czekalski v. LaHood, 589 F.3d 449, 453 (D.C. Cir. 2009) (quotation omitted).

**III. ANALYSIS**

Paulin raises a single issue in her Motion for New Trial: that the Court erred when it instructed the jury on her claim that the University had breached the implied covenant of good faith and fair dealing. Plaintiff objects to the following portion of the Court's instruction:

> To establish that the defendant breached or broke the implied covenant of good faith and fair dealing, Ms. Paulin must prove by a preponderance of the evidence that the defendant's decision to dismiss her was made in bad faith and was arbitrary or capricious rather than reasonable, with the purpose of depriving her of the rights and benefits of its educational contract with her.[3]

---

[3] Defendant requested that the Court add this language from Alden v. Georgetown Univ., 734 A.2d 1103, 1108 (D.C. 1999), to the instruction. Trial Tr. Sept. 25, 2013, A.M. Session at 3:5-6:12. Plaintiff objected to the addition of the Alden language on the record. Id. at 6:24-8:10, 10:10-11:8. The objection was made when the Court gave the parties "an opportunity to object on the

-5-

Trial Tr. Sept. 25, 2013, A.M Session at 27:8-28:4.

Paulin argues that the language focusing the jury's decision on her dismissal prevented the jury from finding that the University's failure to teach EBM II and III was, standing alone, a breach of the implied covenant of good faith and fair dealing. Paulin's argument misconstrues the case law, her own Complaint, and the evidence presented at trial.

As this Court has noted, an extensive body of case law governs "the contractual relationship between a student and an educational institution." Paulin v. George Washington Univ. Sch. of Med & Health Sci., 878 F. Supp. 2d 241, 246 (D.D.C. 2012) (discussing Alden, 734 A.2d at 1108 and other cases). In the academic context, the "concepts of academic freedom and academic judgment are so important that courts generally give deference to the discretion exercised by university officials." Allworth v. Howard Univ., 890 A.2d 194, 202 (D.C. 2006).

This deferential standard directs courts to not overturn an institution's decision to dismiss a student unless the student

---

record and out of the jury's hearing before the instructions and arguments are delivered," and was therefore timely under Rule 51. Fed. R. Civ. P. 51(b)(2); id. 51(c)(2)(A) (noting that objection is timely if "party objects at the opportunity provided under Rule 51(b)(2)"). Consequently, Defendant's argument that Plaintiff failed to preserve her objection lacks merit.

-6-

can establish that the decision "is such a substantial departure from accepted academic norms as to demonstrate that the person or committee responsible did not actually exercise professional judgment." Alden, 734 A.2d at 1109 (quoting Youngberg v. Romeo, 457 U.S. 307, 323 (1982)). This standard applies to all "cases involving academic dismissal," Alden, 734 A.2d at 1109, regardless of whether the Plaintiff has brought a breach of contract claim or a claim for breach of the implied covenant of good faith and fair dealing or both. Allworth, 890 A.2d at 202 (applying deferential Alden standard to claim for breach of covenant of good faith and fair dealing).

Paulin argues that her claim about the EBM courses is distinct from her claim about inappropriate dismissal, and thus should not be subject to the deferential Alden standard. However, the Court rejected Plaintiff's "theory" as inconsistent with the governing case law and her Complaint. Trial Tr. Sept. 25, 2013, A.M. Session at 11:9-11 ("That may have been your theory all along, but that theory doesn't really fit into what the D.C. Court of Appeals has stated the law is.").

The basis of Plaintiff's claims was, indisputably, the University's academic decision to dismiss her from the PA program. Compl. ¶ 92 (seeking reinstatement and lost wages). The Complaint did not allege that the failure to teach the EBM

courses was in and of itself either a breach of contract or a breach of the covenant of good faith and fair dealing. Id. ¶¶ 84-92. Thus, it was not a "manifest error of law" for the Court to instruct the jury to apply the Alden standard and focus on the decision to dismiss Paulin. See In re Lorazepam, 467 F. Supp. 2d at 87. Therefore, her Motion shall be denied.

Even if the instruction had been erroneous, Plaintiff's motion would nonetheless be denied because she failed to show than any such error was prejudicial. Czekalski, 589 F.3d at 453 (harmless error rule applies to argument that jury instruction was erroneous and requires party to show any error was "prejudicial: It must have affected the outcome of the district court proceedings").

Plaintiff's proferred instruction would have directed the jury that it could find a breach of the implied covenant of good faith and fair dealing if she proved, by a preponderance of the evidence, that the University "acted in bad faith with the purpose of depriving her of the rights and benefits of its educational contract with her." Pl.'s Mot. at Ex. B. However, Plaintiff failed to submit any evidence that the decision to not teach the EBM courses was done in bad faith or with the purpose of depriving her of her contractual rights and benefits.

The evidence at trial showed that EBM I was a "foundation course" that provided students "with the curriculum and the instruction required for students in the program." Test. of Dr. Jacqueline Barnett ("Barnett Test."), Sept. 24, 2013, A.M. Session at 49; Test. of Cyrena Chang Paulin, Sept. 16, 2013, P.M. Session at 47-48, 59. EBM I provided the basic content needed for the students to succeed in their clinical rotations and to satisfy the accreditation requirements for evidence-based medicine. Barnett Test. at 49; Test. of Venetia L. Orcutt ("Orcutt Dep.") at 46.

EBM II and III, however, were not required for accreditation purposes nor did they teach skills necessary to succeed in a student's clinical rotations. Orcutt Dep. at 46, 184. Instead, they were designed to provide students with tools for success in post-graduate practice. Barnett Test. at 49. Significantly, there is no evidence that Paulin was singled out to not receive these courses – indeed, it is undisputed that none of Paulin's fellow students were taught EBM II or III. Therefore, there was absolutely no evidence proffered at trial that would have permitted the jury to find that the University acted in "bad faith with the purpose of depriving her" of her education when it failed to teach EBM II or III.

In sum, even if the jury had been given Plaintiff's instruction, the outcome would not have changed because she did not proffer sufficient evidence for the jury to find in her favor. Thus, Paulin failed to show that the alleged error "affected the outcome of the district court proceedings," Czekalski, 589 F.3d at 453, and her Motion must be denied on this basis as well.

**IV. CONCLUSION**

Because Plaintiff did not identify a "manifest error of law" nor show that any error was prejudicial, Plaintiff's Motion for New Trial shall be **denied**. An Order shall accompany this Memorandum Opinion.

May 5, 2014

/s/ Gladys Kessler
Gladys Kessler
United States District Judge

**Copies to:** attorneys on record via ECF